IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RAY J. ECKES,

    Plaintiff,

v.                                               Civil Action No. 1:04CV179
                                                                               (STAMP)
JO ANNE B. BARNHART,
Commissioner of Social
Security Administration,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**ACCEPTING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

I.   Background

The plaintiff, Ray J. Eckes, filed an action in this Court on August 16, 2004 seeking judicial review of an adverse decision by the defendant, Commissioner of Social Security, pursuant to 42 U.S.C. § 405(g). The case was referred to United States Magistrate Judge James E. Seibert for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B). The defendant filed an answer to plaintiff's complaint on October 22, 2004. The parties then filed cross-motions for summary judgment.

Magistrate Judge Seibert considered the parties' motions for summary judgment and submitted a report and recommendation. In his report, he made the following findings: (1) the hypothetical proposed by the Administrative Law Judge ("ALJ") to the vocational expert ("VE") was proper and included the limitations supported by the record; (2) substantial evidence supports the weight the ALJ

gave to the medical opinions in the case; (3) the ALJ appropriately determined the plaintiff's credibility as to his subjective complaints of pain; (4) the ALJ properly applied the medical vocational guidelines as a framework for his decision; and (5) the ALJ properly considered the plaintiff's obesity as an impairment when determining the plaintiff's residual functional capacity ("RFC"). Based on these findings, the magistrate judge recommended that the defendant's motion for summary judgment be granted.

Upon submitting this report, Magistrate Judge Seibert informed the parties that, if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within ten days after being served with a copy of the report. To date, no objections have been filed by the parties.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); Web v. Califona, 486 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

II. Facts

On September 7, 2001, the plaintiff filed a claim for disability insurance benefits ("DIB") with the Social Security Administration, alleging a disability since October 2, 1998. On November 21, 2002, a hearing was held before an ALJ. The ALJ found that the plaintiff was not under a disability as defined in the Social Security Act.[1] The Appeals Council denied the plaintiff's request for review of the ALJ's decision on July 17, 2004. The plaintiff then filed the present action with this Court.

III. Applicable Law

A. Standard of Review

An ALJ's findings will be upheld if supported by substantial evidence. See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998). Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'" Hayes v. Sullivan, 907 F.3d 1453, 1456 (4th Cir. 1990)(quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Further, the "'possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.'" See Sec'y of Labor v. Mutual Mining, Inc.,

---

[1] The term "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 416(i), 423(d).

3

80 F.3d 110, 113 (4th Cir. 1966)(quoting <u>Consolo v. Fed. Mar. Comm'n</u>, 383 U.S. 607, 620 (1966)).

B.  <u>Summary Judgment</u>

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact.  <u>See</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986).  "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." <u>Temkin v. Frederick County Comm'rs</u>, 945 F.2d 716, 718 (4th Cir. 1991), <u>cert. denied</u>, 502 U.S. 1095 (1992)(citing <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986)).  However, as the United States Supreme Court noted in <u>Anderson</u>, "Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial."  <u>Id.</u> at 256.  "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."  <u>Id.</u> at 250; <u>see also</u> <u>Charbonnages de France v.</u>

Smith, 597 F.2d 406, 414 (4th Cir. 1979)(Summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law." (citing Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394 (4th Cir. 1950))).

In Celotex, the Court stated that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Summary judgment is not appropriate until after the non-moving party has had sufficient opportunity for discovery. See Oksanen v. Page Mem'l Hosp., 912 F.2d 73, 78 (4th Cir. 1990), cert. denied, 502 U.S. 1074 (1992). In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

### III. Discussion

A. Hypothetical Posed to the Vocational Expert

The plaintiff argues that the hypothetical posed to the vocational expert during the hearing failed to account for his need for rest during the day and his difficulty in staying awake. The magistrate judge found that these subjective allegations by the plaintiff were unsupported by the record. Based on this finding, the magistrate judge concluded that the ALJ's hypothetical

adequately took into account the limitations of the plaintiff that were supported by medical evidence. Because this Court finds no clear error, the magistrate judge's finding is affirmed.

B. <u>Opinions of the Treating Physicians</u>

The plaintiff claims that the opinions of Dr. Jones and Dr. Wiley, the plaintiff's treating physicians, were not given the proper weight in the ALJ's decision. The magistrate judge disagreed, finding that Dr. Jones' and Dr. Wiley's opinions were not entitled to controlling weight because: (1) Dr. Jones' opinion did not cite any medically acceptable clinical and laboratory diagnostic techniques; (2) Dr. Wiley's treatment notes were largely based on the plaintiff's subjective reports of pain, and the ALJ properly determined that the plaintiff was not entirely credible; (3) the x-ray reports taken by Dr. Wiley showed only a minimal level of degenerative changes in the plaintiff's back; and (4) Dr. Jones and Dr. Wiley's opinions are inconsistent with substantial evidence in the record.

While the plaintiff is correct in his contention that a treating physician's opinion should be given controlling weight, such opinion may be disregarded if there is persuasive contradictory evidence. <u>Mitchell v. Schweiker</u>, 699 F.2d 185, 187 (4th Cir. 1983). This Court agrees with the magistrate judge that the ALJ acted appropriately in not giving the opinions of Dr. Jones and Dr. Wiley controlling weight, given the evidence in the record. Because this Court finds no clear error in the magistrate judge's conclusion, it is also affirmed.

C.  Plaintiff's Subjective Complaints of Pain

The plaintiff also claims that the ALJ failed to take into account his subjective complaints of pain. The magistrate judge found that the ALJ properly applied the Craig v. Chater pain analysis, which required the ALJ to determine: (1) that there is evidence of a medically determinable impairment that was capable of producing the pain or symptoms alleged; and (2) the intensity and persistence of the plaintiff's pain, and the extent to which it affects his work. 76 F.3d 585, 594 (4th Cir. 1996). The magistrate judge found that the ALJ's decision analyzed the plaintiff's subjective complaints in light of the entire record and found them to be less than credible. After reviewing the record, this Court finds no clear error in the magistrate judge's assessment. Accordingly, it is affirmed.

D.  Medical Vocational Guidelines

The plaintiff contends that the ALJ did not apply the medical vocational guidelines in a flexible manner and wrongly assessed him as approaching the advanced age group (50+). The magistrate judge found no merit in this argument, concluding that for the purposes of the decision the ALJ appropriately considered the plaintiff as part of the younger age group, given that he fell between the ages of 45 to 49 years old during the period of adjudication. After reviewing the record, this Court can find no clear error in the magistrate judge's conclusion. Thus, the finding is affirmed.

E.   Obesity as a Factor

Finally, the plaintiff argues that the ALJ failed to consider his obesity as one of his functional limitations.  The magistrate judge found that the plaintiff's argument lacks merit because the plaintiff has failed to explain any obesity-related restrictions not accounted for in the ALJ's decision.  The magistrate judge noted that the ALJ considered the fact that the plaintiff suffers from restrictive lung disease secondary to morbid obesity.  This Court agrees with the magistrate judge and finds no clear error. Accordingly, this finding is also affirmed.

IV.   Conclusion

Because the parties have not objected to the proposed findings of fact and recommendation for disposition, and because this Court finds that the recommendation is not clearly erroneous, this Court hereby ACCEPTS and ADOPTS the magistrate judge's report and recommendation.  For the reasons stated above, it is ORDERED that the summary judgment motion of the defendant be GRANTED and the summary judgment motion of the plaintiff be DENIED. It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is directed to transmit copies of this order to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:     July 15, 2005


                              /s/ Frederick P. Stamp, Jr.
                              FREDERICK P. STAMP, JR.
                              UNITED STATES DISTRICT JUDGE